game played there while he was at the place. He states that he had been in the place about ten minutes when Steakley, the officer, came in, and was in the front room drinking a bottle of frosty when the officer entered. This is the substance of the facts. This is not sufficient. Hanks v. State, 54 Texas Crim. Rep., 1; 111 S. W. Rep., 402.

There are quite a number of bills of exceptions incorporated in the record. As presented, we are of opinion that they are not of sufficient moment to require a reversal. In fact, we are of opinion there is no particular merit in them unless it be the two bills reserved to the refusal of the court to permit the witnesses Talley and Griffin to testify to the fact that they were present at the time the officer speaks of finding the people in the room, and that the witnesses did not engage in any game. The State objected to the introduction of this evidence on the ground that the parties were charged with violating the law on the same occasion. This was simply a ground of objection on the part of the State, and does not verify the fact, if it is a fact, that the parties were charged with violating the law at the same time and place. Grounds of objection do not verify such grounds as statements of facts. Whenever the objection is based upon a fact not verified by the bill it will not be considered. In order to sustain a ground of objection on a statement of facts, the bill must verify the fact. This testimony was offered by appellant as a circumstance tending to show that he did not play. It is rather inferential these witnesses may not have played in the game, though they were present, and yet, if there was a game, appellant may have engaged in it. We hardly feel called upon, in this condition of the record, to reverse simply upon the matters set out in the two mentioned bills.

As the evidence presents the case, we are of opinion that it is not sufficient to sustain the verdict of the jury. The evidence is no stronger in this case than it was in Hanks v. State, 111 S. W., 402. In that case the judgment was reversed for the want of sufficient evidence to sustain the conviction. In fact the evidence in Hanks' case, *supra,* is stronger and more conclusive than it is in this case.

Because we are of opinion the evidence is not sufficient to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

### E. W. LYND v. THE STATE.

No. 4267. Decided June 19, 1909.

**Murder—Dismissal—Practice on Appeal.**

Where the appellant, convicted of murder in the second degree, requested dismissal of his appeal, in due form, the same will be granted.

Appeal from the District Court of Hardin. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at seven years confinement in the penitentiary.

Appellant has filed in this court a motion, properly sworn to by him before the District Court of Hardin County, requesting this court to dismiss his appeal, saying that he desires to no further prosecute same. The motion to dismiss the appeal is granted, and the appeal is accordingly dismissed.

*Dismissed.*

---

## ROLLAND SMITH v. THE STATE.

### No. 4229.    Decided June 19, 1909.

**Local Option—Non-Intoxicant—Whisky—Charge of Court.**

In some cases it is necessary to instruct the jury as to what is an intoxicant, but this is not necessary where the article sold is whisky. Whisky is an intoxicant.

Appeal from the County Court of Trinity. Tried below before the Hon. C. J. Hinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and fifty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The State's case is that appellant, on a certain night mentioned by the State's witness, sold the witness some whisky. His testimony is positive and unequivocal that it was whisky; that he took it home with him and drank it. Appellant's testimony, which is corroborated by another witness, is, in substance, that the liquid sold the witness was not whisky, but was cider, which he had drawn from a keg in a restaurant owned by a Mexican; that he drew and took it to a certain point, intending to play a practical joke on George Washburn, and while waiting for Washburn the purchasing witness, whose name was King, came along and bought it. These two witnesses, appellant and his corroborating witness, did not fully agree